IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ALBERTO PENA, | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | EP-11-CV-6-KC |
| | § | |
| RDAP COORDINATOR OF | § | |
| FSL LA TUNA PRISON, | § | |
|    Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Alberto Pena's ("Pena") *pro se* request for a writ of mandamus pursuant to 28 U.S.C. § 1361.[1] Therein, Pena, a federal prisoner at the Federal Correctional Institution–La Tuna in Anthony, Texas, asks the "Court to compel the . . . [Respondent] Drug Coordinator to determine Mr. Pena's eligibility to participate in the five-hundred (500) hour Residential Drug Abuse Program."[2]

Mandamus is reserved for extraordinary circumstances.[3] For a petitioner to succeed in his request for a writ of mandamus he must "demonstrate (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy."[4]

The Violent Crime Control and Law Enforcement Act of 1994 requires the Bureau of

---

[1] *See* 28 U.S.C.A. § 1361 (West 2011) ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.").

[2] Appl. for Writ of Mandamus 1 [Docket No. 1-1].

[3] *Kerr v. United States Dist. Ct.*, 426 U.S. 394, 403 (1976).

[4] *In Re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (citing *United States v. O'Neil*, 767 F.2d 1111, 1112 (5th Cir.1985) (citations omitted)); *see also Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) ("In short, our cases have answered the question as to the availability of mandamus . . . with the refrain: 'What never? Well, hardly ever!'").

Prisons ("BOP") to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."[5]  An "eligible prisoner" is one who is "determined by the Bureau of Prisons to have a substance abuse problem," and who is "willing to participate in a residential substance abuse treatment program."[6]  As an incentive for the successful completion of the program, the BOP may, in its discretion, reduce an inmate's sentence by up to one year.[7]

The BOP has promulgated regulations to implement the statutory requirements.[8] According to the regulations, in order to be considered eligible for the BOP's Residential Drug Abuse Treatment Program ("RDAP"), an inmate must have a verifiable documented drug abuse problem, must sign an agreement acknowledging his program responsibilities, and must be able to complete all components of the program.[9]  Participation in the RDAP is voluntary and decisions on placement are made by a drug abuse treatment coordinator.[10]

In his request, Pena concedes that Respondent, a drug abuse treatment coordinator, reviewed his file and determined that he did not qualify for the RDAP.  He maintains, however,

---

[5] *See* 18 U.S.C.A. § 3621(e)(1) (West 2011) ("[T]he Bureau of Prisons shall, subject to the availability of appropriations, provide residential substance abuse treatment (and make arrangements for appropriate aftercare) . . . for all eligible prisoners.").

[6] 18 U.S.C.A. § 3621(e)(5)(B)(i) and (ii).

[7] 18 U.S.C.A. § 3621(e)(2); *see also Lopez v. Davis*, 531 U.S. 230, 232 (2001) (the Bureau of Prisons (Bureau or BOP) may reduce by up to one year the prison term of an inmate convicted of a nonviolent felony, if the prisoner successfully completes a substance abuse program.").

[8] 28 C.F.R. § 550.53.

[9] *See id*. § 550.53(b).

[10] *Id*. § 550.53(e).

that Respondent did not have the benefit of an addendum to his presentence investigation report which suggested that he had a drinking problem. He adds that he was "promised that a re-review would take place and those documents would be the final determination of his eligibility to participate."[11] Pena also concedes that he has not pursued his request through all tiers of the BOP's administrative remedy program.

Accordingly, after due consideration, the Court finds that Respondent complied with the statutory and regulatory requirements to determine Pena's eligibility for the RDAP. Moreover, Pena may challenge Respondent's determination through the BOP's administrative remedy program. Thus, Pena has failed to meet the requisite showing required for the issuance of a writ of mandamus. Therefore, Pena's request for a writ of mandamus is **DENIED** and this case is **DISMISSED**.

    **SO ORDERED.**

    **SIGNED** on this 12th **of January, 2011.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

.

---

[11] Appl. for Writ of Mandamus 4 [Docket No. 1-1].